UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE DEBTOR:

TONI JANE OLSON

Case No. 10-cv-10926

HONORABLE STEPHEN J. MURPHY, III

_____/

## ORDER DENYING APPELLEE'S MOTION TO DISMISS

This is an appeal from an order of the bankruptcy court holding that an insurance annuity was the property of the debtor's estate rather than her husband's sole property. Appellant Toni Jane Olsen filed a Notice of Appeal on March 7, 2010. This Court entered a Notice and Order to Counsel on March 23, 2010, directing Appellant to file a memorandum containing the grounds of her appeal and her supporting authority. Appellant was directed to file the memorandum within seven days of the date the order, making the deadline March 31, 2010. At the time of the deadline the memorandum was not filed. Appellant did not file her motion until April 17, 2010, more than two weeks late. On April 9, 2010 Appellee Michael Stevenson, the Chapter 7 trustee, filed a motion to dismiss the appeal for failure to comply with the Court's order. Appellant filed a response to Appellee's motion on April 17, 2010 asking the court to accept the tardy memorandum and not to dismiss the appeal.

Rule 6(b) of the Federal Rules of Civil Procedure provides that when a party moves a court to accept a filling after the relevant deadline has expired, the court may do so as long as "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

When determining excusable neglect courts must look at five factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Intern. Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

Appellant's counsel takes responsibility for the delay in filing. The reason given for the delay is that counsel was did not have to file such a memorandum in another case in which he appealed a bankruptcy court decision. (Appellant's Resp. ¶ 4). Counsel also states that there is no court rule or statute that mandates the filling of such a memorandum. *Id.* These reasons are unpersuasive. The order clearly states what information was being sought from Appellant and the time by which Appellant was required to respond. The order even came with a warning: "Appellant's failure to comply with a requirement of this Order may result in the appeal being summarily dismissed for failure to prosecute. *See* E.D. Mich. LR 41.2." As a general rule, when a court orders a party to take action, the party would do well to follow the court's order.

The reason for the delay was also completely within the control of Appellant. As the party initiating the appeal, Appellant did not have to wait for the fillings of other parties or seek the testimony of unavailable witnesses. Appellant does not claim that an external event, like bad weather, caused the memorandum to be late.

The length of the delay was relatively short, resulting in minimal disruption of the judicial process. Appellant was less than three weeks late in filing the memorandum. This delay did not substantially impact the judicial process. Similarly, the short delay did not significantly prejudice the Appellee in any way. The Court is also satisfied that Appellant

acted in good faith when filing the memorandum late as there is no evidence or claim to the contrary.

Factors (1), (2), and (5) of the *Nafziger* test cut in favor of the Appellant, while factors (3) and (4) cut in favor of the Appellee. Given the strong preference for deciding cases on their merits coupled with the negligible prejudice caused by the delay, dismissal of the case is not warranted at this time.

**WHEREFORE, IT IS HEREBY ORDERED** that Appellee's Motion to Dismiss is **DENIED**.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 28, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 28, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager