UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE TONI JANE OLSEN,

    Debtor / Appellant,

Case No. 10-cv-10926

HONORABLE STEPHEN J. MURPHY, III

_____/

## ORDER AFFIRMING JUDGMENT OF THE BANKRUPTCY COURT

This is an appeal from an Order of the United States Bankruptcy Court for the Eastern District of Michigan dated March 7, 2010 ("March 7 Order").  In that Order, the Bankruptcy Court sustained the Trustee's objection to Tori Jane Olsen's attempt to exclude an annuity from her bankruptcy estate.  Olson filed a timely notice appealing the order on March 9, 2010, challenging the ruling on the question of whether the annuity funds were properly included in the bankruptcy estate.  After a review of the record, the Court agrees with the Bankruptcy Court and the Trustee, and it will affirm the judgment below.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

The facts of this case are not in dispute.  Olsen filed for personal Chapter 7 bankruptcy on August 31, 2009.  In her Chapter 7 filings, Olsen described an annuity from the John Hancock Insurance Company valued at $ 76,860.41.  March 7 Order, at 2.  Olsen's husband, who did not participate in Olsen's Chapter 7 filing, purchased the annuity with funds derived from a settlement agreement for personal injuries suffered in a motorcycle accident.  *Id.* at 1.  The annuity contract provides that Olsen is co-owner and co-annuitant of the annuity.  *Id.* at 1–2.  In her required disclosures, Olsen informed the Chapter 7 Trustee of the existence of this annuity, but argued claimed she had no "real and

equitable" property interest in it because it was purchased from funds generated solely by her husband's activities

Olsen assigned a value of zero to the annuity funds in her Schedule B disclosure of assets potentially available to the bankruptcy estate. Debtor's Amended Schedule B, *In re Toni Jane Olsen*, Case No. 09-66979, Docket No. 26, Ex. A, at 8 (Bankr. E.D. Mich. Dec. 16, 2009) She claimed that the annuity was not a part of the estate, as defined by 11 U.S.C. § 541, that would be available to satisfy her creditors. *Id.* In the alternative, she argued that the funds were exempt under state and federal law. *Id.* The Trustee filed an objection to Olsen's characterization of the annuity, arguing that half of its value should be turned over to the bankruptcy estate. The Bankruptcy Court sustained the Trustee's objection, finding that the annuity was part of the estate and that it was not exempt under Michigan law.[1] On appeal, Olsen asks this Court only to consider the question of whether or not the annuity should be classified as property of Olsen's bankruptcy estate.

## ANALYSIS[2]

The "bankruptcy estate" is an expansive concept. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204 (1983) ("Congress intended a broad range of property to be included in the estate."); *In re Graham Square, Inc.*, 126 F.3d 823, 831 (6th Cir. 1997) ("The scope of [the bankruptcy estate] is broad . . . ."). It "is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case." 11 U.S.C. § 541(a)(1). Interests in property are defined by state law. *Butner v.*

---

[1] The Bankruptcy Court declined to rule on the issue of whether Olsen's annuity was exempt under 11 U.S.C. § 522(d)(1)(E), which covers certain payments from annuities, because the parties did not brief the issue.

[2] This Court reviews the legal conclusions of a bankruptcy court de novo. *In re Parker*, 499 F.3d 616, 620 (6th Cir. 2007).

*United States*, 440 U.S. 48, 55 (1979). Typically, without a statutory provision that removes a particular item from this definition, an individual filing for bankruptcy faces an uphill battle when arguing that a particular interest in property is not a part of the bankruptcy estate.

Olsen has not won the battle here. The specification page of the annuity contract lists Olsen as a "co-owner" and a "co-annuitant." Annuity Contract, *In re Toni Jane Olsen*, Case No. 09-66979, Docket No. 30, Ex. A, at 10 (Bankr. E.D. Mich. Jan. 15, 2010). As an annuitant, Olsen is entitled to monthly income from the annuity once it matures. *Id.* at 27. Olsen's interest is covered by the broad language of § 541(a)(1) and her one-half interest in it must be transferred over to the bankruptcy estate.

Olsen concedes the correctness of the presumption that she is a co-owner of the annuity, but counters that she rebutted the presumption by showing that the funding for the annuity was solely derived from the award her husband received after the automobile accident. To this end, she cites numerous Michigan cases concluding that jointly-held bank accounts and certificates of deposit can be shown to be the property of only one of the holders if, in reality, one person contributed all of the funds to the account. *See, e.g.*, *Sussex v. Snyder*, 307 Mich. 30, 37–38 (1943) (defendant garnishee failed to overcome this presumption with respect to funds in joint bank account); *Danielson v. Lazoski*, 209 Mich. App. 623 (1995) (affirming that funds in jointly-held certificate of deposit could not be subject to garnishment because non-debtor holder of joint account contributed all funds). If an annuity is, likewise, an "account" under Michigan law, Olsen argues that the presumption discussed in *Sussex* and *Danielson* should apply to this case.

This Court declines the invitation to expand the rule of *Sussex* and *Danielson* to an annuity, for two reasons. First, Olsen cites no case, either in bankruptcy court or in state debt collection proceedings, that extends these cases to an annuity. Her only authority on

3

this point is a single Wisconsin Court of Appeals case on a probate matter which analogized annuities to bank accounts and certificates. *In re Estate of Jung*, 237 Wis.2d 853, 869–70. *Jung* does not bind this Court. It was decided on the terms of the annuity in question in that case, and the Court is hesitant to jump to the conclusion that the two instruments are in all respects identical. *Id.* at 855. Moreover, the opinion also analogizes an annuity to "securities" and "pensions," and there is no authority in Michigan that has been brought to the Court's attention for applying the *Sussex* and *Danielson* presumption to those sorts of investment vehicles. *Id.* at 863–64. The Court is not persuaded that under Michigan law, the extension proposed by Olsen is justified.

Second, the Court believes that annuities are distinguishable from bank accounts and certificates of deposit in a way that is relevant to the application of the joint account holder presumption. An annuity is not merely a cache of funds, which either party can completely withdraw without informing the other. It permits the owner to confer a right of payment on an individual. Because Olsen is a co-owner of the annuity as well as an annuitant, she has a right to such payments that cannot be taken away from her without her consent as a co-owner. That interest in a steady stream of future payments is lacking in a bank account or certificate of deposit, and prevents the Court from analogizing too loosely among the three investment vehicles in the absence of mandatory authority to the contrary.

Finally, the Court does not consider this to be a case like the many Olsen cites in which a person nominally holds title over certain property, but is not the true owner in equity. Appellant's Br. at 4 n.4 (discussing other relevant forms of property like cars and houses) ; *id.* at 6 (discussing cases in which tax returns for joint filers were deemed to be property of spouse who earned income). In almost all of the cases cited by Olsen, courts found that, for one reason or another, the person trying to keep the asset out of the

bankruptcy estate did not have a genuine property interest in the asset. Here, the terms of the annuity contract entitle Olsen to a steady stream of income after the maturity date that cannot be taken away without her consent. Olsen's interest in the annuity is real, not illusory, and the cases she cites are inapplicable because they uniformly assume that the underlying property interest is illusory. The Court therefore concludes that there is no reason for excluding one-half of the value of the annuity disclosed by Olsen from her bankruptcy estate.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the judgment of the bankruptcy court is **AFFIRMED.**

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 27, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 27, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager
